b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARY WAYNE WOODS, Appellant | CIVIL DOCKET NO. 1:21-CV-02279 |
| VERSUS | DISTRICT JUDGE DRELL |
| SOCIAL SECURITY ADMINISTRATION, Appellee | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

The Commissioner of Social Security ("Commissioner"), Acting Commissioner Kilolo Kijakazi, filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The Commissioner contends that because the claimant, Gary Wayne Woods ("Woods") failed to exhaust his administrative remedies, the Court lacks subject matter jurisdiction. ECF No. 9.

The Court agrees–there is no final decision from the Commissioner to review. Therefore, the Court lacks subject matter jurisdiction, and the Commissioner's Motion to Dismiss (ECF No. 9) should be GRANTED.

I. **Background**

According to the Commissioner's brief, an affidavit from a Social Security Administration ("SSA") employee, and a notice (the administrative transcript has not been filed), Woods began receiving monthly retirement benefits of $708.00 in March 2019. ECF No. 9-1, 9-2, 9-3. On June 28, 2021, the SSA mailed a notice to Woods notifying him that the SSA had overpaid him $4,370.00 based on his

earnings of $26,980.00 in 2020 and his presumed earnings of the same amount in 2021.  ECF No. 9-4.  The notice also informed Woods of his right to have the overpayment determination reconsidered.  ECF No. 9.

Woods timely requested reconsideration on July 5, 2021.[1]  ECF No. 9.  To date, the SSA has not issued a determination on Woods's request for reconsideration.  ECF No. 9.

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss pursuant to 12(b)(1).

Lack of subject matter jurisdiction may be found on any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *See Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900, 904 (5th Cir. 1997)).  Where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to determine whether it has the power to hear the case.  No presumptive truthfulness attaches to the plaintiff's allegations.  *See Montez v. Department of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004)).

The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss.  *See Ransom v. Commissioner, S.S.A.,* 2020 WL 5632683, at *1

---

[1] According to the Notice, because Woods requested reconsideration within 30 days, the overpayment "will not have to be recovered until the case is reviewed."  ECF No. 9-4 at 3.

(E.D. Tex. 2020) *(citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. den. sub nom.*, 536 U.S. 960 (2002)).

If a court determines that they lack subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3). A dismissal under Rule 12(b)(1) is not a decision on the merits, however, and does not prevent the plaintiff from pursuing a claim in a court of proper jurisdiction. *See Ransom,* 2020 WL 5632683, *1 (*citing Ramming*, 281 F.3d at 161).

> **B.** **The Court lacks subject matter jurisdiction because Woods has not exhausted his administrative remedies.**

The Commissioner contends that, because Woods has not exhausted his administrative remedies, a final decision has not been rendered in his case and this Court lacks subject matter jurisdiction to consider his appeal.

There is a waiver of sovereign immunity in the Social Security Act, which provides that,

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .

42 U.S.C. § 405(g). *See Granville v. Astrue*, 2011 WL 2533562, at *5 (W.D. La. 2011), *report and recommendation adopted,* 2011 WL 2550504 (W.D. La. 2011). Thus, § 405(g) imposes three requirements to secure judicial review:

> (1) a final decision of the [Commissioner] made after a hearing;
>
> (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the [Commissioner] may allow); and
>
> (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business.

*See Granville*, 2011 WL 2533562, at *4-*5 (citing *Weinberger v. Salfi,* 422 U.S. 749, 763–764 (1975)).

The second and third requirements are waivable by the parties and do not constitute jurisdictional prerequisites to suit. *See id.; see also Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9 (1976); *Bowen v. City of New York,* 476 U.S. 467, 478 (1986) (because the requirements were waivable, they cannot be jurisdictional). Further, the "final decision" requirement is subdivided into two elements, only one of which is purely jurisdictional and non-waivable. *See Granville*, 2011 WL 2533562, at *5 (citing *Eldridge,* 424 U.S. at 328–329). "The waivable element is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner]." *Id.*

The right to judicial review presupposes a "final decision" by the Commissioner. *See Granville*, 2011 WL 2533562, at *5 (citing 42 U.S.C. § 405(g)). A claimant obtains a final decision by the Commissioner when he has exhausted his administrative remedies by proceeding through all three stages of the administrative appeals process. *See Bowen,* 476 U.S. at 482. "Only a claimant who proceeds through all three stages receives a final decision from the Secretary." *Id.*

Because there is no statutory requirement of exhaustion of administrative remedies, the jurisprudential doctrine of exhaustion controls, although it is not jurisdictional in nature. *See Taylor v. United States Treasury Department,* 127 F.3d 470, 475 (5th Cir. 1997); *see also Lowe v. Colvin*, 582 Fed. Appx. 323, 324 (5th Cir. 2014) ("[A] court should only excuse a claimant's failure to exhaust administrative remedies in extraordinary circumstances."). Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of [the Commissioner] made after a hearing.'" *Matter of Benjamin*, 932 F.3d 293, 302 (5th Cir. 2019).

A disappointed claimant is afforded a three-stage administrative review process beginning with *de novo* reconsideration of the initial determination. *See Bowen,* 476 U.S. at 472. If a claimant is dissatisfied with the decision on reconsideration, he is entitled to a hearing by an administrative law judge ("ALJ") within the SSA's Office of Hearing and Appeals. *See id.* If the ALJ's decision is

5

adverse to the claimant, the claimant may then seek review by the Appeals Council. *See id.*

Proceeding through these stages exhausts the claimant's administrative remedies. *See Bowen,* 476 U.S. at 472. Following the determination at each stage, a disappointed claimant is notified that he must proceed to the next stage within 60 days of notice of the action taken or the decision will be considered binding. *See id.* Thereafter, a claimant may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g). *See id.*

In this case, Woods timely sought reconsideration of the initial decision that he had been overpaid. However, no decision has yet been rendered on reconsideration. And Woods has additional administrative steps to take before a final decision will be rendered by the Commissioner.

Because Woods has not exhausted his administrative remedies, the Commissioner has not issued a final decision that can be reviewed by this Court.[2] Thus, the Court lacks subject matter jurisdiction. *See Caesar v. Barnhart,* , at *1 (5th Cir. 2006) (*citing Sims v. Apfel*, 530 U.S. 103, 107 (2000)); *see also Dashti v. Astrue*, 508 Fed. Appx. 347, 349 at n. 4 (5th Cir. 2013) (finding that, pursuant to 42 U.S.C. § 405(g), claimant's unexhausted claim that the SSA incorrectly found an

---

[2] As the Commissioner points out (ECF No. 9-1 at 4), Woods has not argued that the exhaustion requirement should be waived in his case, nor has he alleged a colorable constitutional claim that would excuse the exhaustion requirement. *See Taylor,* 127 F.3d at 475; *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977) ("Constitutional questions are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").

overpayment was not properly before the court for review). Therefore, the Commissioner's Motion to Dismiss (ECF No. 9) should be granted for lack of subject matter jurisdiction, and Woods's appeal should be dismissed without prejudice.

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that the Commissioner's Motion to Dismiss (ECF No. 9) be GRANTED and that Woods's appeal be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings

or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __3rd__ day of October 2022.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge